JAMES S. McFARLAND

*v.*

ABRAM CLAYPOOL.

*Filed at Ottawa May 16, 1889.*

1. PLEA IN ABATEMENT—*in attachment—requisites of the plea.* An affidavit for an attachment set out as grounds therefor, that the defendant "conceals himself or stands in defiance of an officer, so that process can not be served upon him, and has, within two years last past, fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors, and has, within two years last past, fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and is about fraudulently to conceal, assign or

otherwise dispose of his property or effects, so as to hinder or delay his creditors." The defendant pleaded in abatement "that he did not conceal himself and did not stand in defiance of an officer, so that process could not be served upon him; that he has not, within two years last past, fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors; has not, within two years last past, fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and was not about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder and delay his creditors:" *Held*, on demurrer to the plea, that it was bad, in failing to deny that the debtor had, within two years before the commencement of the suit, fraudulently disposed of his property.

2. EXCEPTION—*when necessary to be taken.* On application of a defendant for leave to file an amended plea in abatement to a writ of attachment, the court remarked that no action would be taken granting leave until affidavit was filed, showing, etc. No exception was taken : *Held*, that if the remark of the court was to be taken as a denial of the motion, the ruling could not be assigned for error, for want of an exception.

3. PRACTICE—*asking leave to file an amended pleading.* A party who desires to file an amended pleading should prepare it, and submit it to the inspection of the court. He is not entitled, as of right, to an order giving him leave in advance to file it before it has even been drafted. There is, therefore, no error in refusing defendant's motion for leave to file an amended plea in abatement to an attachment, when the proposed plea is not prepared and submitted for inspection.

4. SAME—*waiver as to judgment on demurrer.* Where a demurrer is sustained to a defendant's plea in abatement to a writ of attachment, and the defendant appears and asks leave to file an amended plea, it is questionable if he does not thereby waive his right to complain of the judgment upon the demurrer.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JAMES FRAKE, for the plaintiff in error:

The demurrer to the plea should have been overruled. The plea traversed the affidavit by negativing all the allegations in the affidavit relative to defendant, James S. McFarland. It denied the allegations in the affidavit, using the language

used in the affidavit, and tendered an issue.    *Miller* v. *Blow,* 68 Ill. 304.

A plea denying the causes for attachment must be understood to refer to the time of the commencement of the suit by filing an affidavit.    In this case the sustaining of a demurrer to the plea for lack of exact technical accuracy, and a refusal of leave to amend the plea, amounts to a denial of justice.

The plea was not a dilatory plea, and not subject to the rules governing such pleas.    The court erred in not permitting defendant, J. S. McFarland, to file amended pleas to the affidavit.    *Safford* v. *Insurance Co.* 88 Ill. 296; *Railway Co.* v. *McDermid,* 91 id. 170; *Humphrey* v. *Phillips,* 57 id. 132.

The defense set up by the plea in this case must be held to be of a substantial and meritorious character, equally with a plea to the jurisdiction.    *Hawkins* v. *Albright,* 70 Ill. 88.

Granting leave to amend is not discretionary with the court, but a legal right, and when proper application is made for leave to amend a plea on sustaining demurrer thereto, the court can only, in granting it, impose such terms as are just and reasonable, having reference to existing rules of practice. *Insurance Co.* v. *Trust Co.* 1 Bradw. 391, citing *Drake* v. *Drake, supra,* *McCormick* v. *Wells,* 83 Ill. 240, and *Hays* v. *Loomis,* 84 id. 18.

The court required the defendant, J. S. McFarland, to file an affidavit showing that he would be injured if not allowed to plead.    This requirement was complied with, but the court then denied leave to amend.    The court had no right to insist upon any affidavit.

By section 28 of the Attachment act, the plaintiff has the right to amend his affidavit for any insufficiency.    The rights of the defendant are just as sacred, and for any insufficiency of his plea the right to amend is given him by section 23 of the Practice act.

Messrs. Cratty Bros. & Ashcraft, for the defendant in error:

When the court sustained a demurrer to the plea, the defendant took no exception, but immediately moved for leave to amend. He asked a favor of the court, and undertook to show a meritorious right to file a new plea. By that course he waived any further right to insist upon the sufficiency of the former plea, or question the action of the court in sustaining the demurrer. *McKichan* v. *Follett*, 87 Ill. 103.

The court had the right to have a plea produced for inspection, to see whether it be a better plea than the old one, and save further demurring and delay. The court would clearly have the reasonable right to protect itself and the parties to that extent. No plea in fact was presented, and that omission alone was reason enough to justify a denial of the motion. But, as the court stated, no action whatever was taken at that time, and whatever was done seemed to be satisfactory to counsel, for he took no exception to the remark.

Mr. Justice Bailey delivered the opinion of the Court:

This was a suit in attachment, brought by Abram Claypool against James S. McFarland and I. B. McFarland, to recover the amount of four checks drawn by the defendants upon the Union Stock Yards National Bank, payable to the plaintiff or order, and payment of which had been refused by the bank on presentation. The affidavit in attachment, which was sworn to and filed January 8, 1887, stated as grounds for attachment, the non-residence of defendant I. B. McFarland, "and that he, the said James S. McFarland, conceals himself or stands in defiance of an officer, so that process can not be served upon him, and has within two years last past fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors, and has, within two years last past, fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and is about fraudu-

lently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors."

A plea on behalf of James S. McFarland was sworn to by him February 4, 1887, and filed February 8, 1887, the allegations of which were in the following language: "That he did not conceal himself and did not stand in defiance of an officer so that process could not be served upon him; that he has not within two years last past fraudulently conveyed or assigned his effects or a part thereof so as to hinder and delay his creditors; has not within two years last past fraudulently concealed or disposed of his property so as to hinder and delay his creditors, and was not about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder and delay his creditors."

To this plea a special demurrer was filed, pointing out as a ground of demurrer, among other things, that it did not appear from the plea that the defendant had not, within the two years last preceding the filing of the affidavit, fraudulently conveyed or assigned his effects or a part thereof so as to hinder and delay his creditors, and had not within the two years then last past fraudulently concealed or disposed of his property so as to hinder and delay his creditors. Said de·murrer was sustained, and the judgment of the court sustaining it is assigned for error.

The defendant, instead of electing to abide by his plea, appeared by his counsel and asked leave to file an amended plea, and it is questionable whether he did not thereby waive his right to complain of the judgment of the court upon the demurrer. But whether that is so or not, it is too manifest to admit of argument, that the plea was fatally defective. Its averments were in the present tense, and can therefore be held to apply only to the two years next preceding the day on which it was filed, or at most to the two years next preceding the day on which it was sworn to by the defendant. There remained a portion of the two years covered by the attachment

26—128 Ill.

affidavit to which the plea did not apply, and for that reason it was not a complete traverse of the affidavit. Both the plea and affidavit might be true.

The defendant has also assigned for error the decision of the court in relation to permitting an amended plea to be filed. It appears from the bill of exceptions, that at the time the order of the court sustaining the demurrer was entered, the defendant's counsel "moved the court for leave to said defendant to file an amended plea in abatement of the writ of attachment issued in this cause, and the court thereupon stated that no action would be taken granting leave to file such amended plea until an affidavit was filed showing that said defendant would be injured by not being allowed to file an amended plea in abatement." Whether the remark of the court here recorded is to be regarded as an adverse decision of the defendant's motion to amend, or as a refusal to take any action on the motion until an affidavit should be filed, it can not now be assigned for error, as it does not appear to have been excepted to.

On the following day the defendant's counsel again appeared, and in support of his motion to file an amended plea, read his own affidavit showing that he had been taken by surprise by the filing of the demurrer and the decision of the court thereon, and that his client had gone temporarily to the State of Colorado on business and therefore could not make the affidavit in person. Said affidavit also stated on information and belief various facts which had been communicated to said counsel by his client, which tended to show that the attachment affidavit was untrue. So far as the record shows, however, no amended plea was either prepared, presented or offered to be filed. The motion for leave to file an amended plea was thereupon overruled, and an exception to said decision was duly preserved.

The record does not specify the ground upon which the motion was overruled, and therefore if any tenable ground

existed, the decision of the court must be sustained. As no amended plea was presented or offered to be filed, we may assume that the motion was overruled on that ground. A party who desires to file an amended pleading should prepare it and submit it to the inspection of the court. He is not entitled as of right to an order giving him leave in advance to file it before it has even been drafted. No presumption can be indulged in that the plea when presented would be a good one, and its sufficiency in substance can be made to appear only by bringing it into court for examination. Even then, if found to be substantially defective, it would not be error to refuse to allow it to be filed, and such refusal certainly can not be error where the pleading has not been presented at all, and there are no means of determining whether it is sufficient in substance or not. As the defendant's motion for leave to file an amended plea was unaccompanied by any draft of the plea sought to be filed, and as no copy of such proposed plea is preserved in the record, we are unable to say that the motion was not properly overruled.

It should be observed that in this case there was no application to the court for time to prepare the plea, but the defendant's counsel was content to submit his motion upon his affidavit alone, without any presentation of the amended plea itself, or any prayer for time to prepare one, and as he did not therefore place himself in a position where he was entitled to a favorable decision of his motion, he can not now be heard to complain that the decision was against him.

After the denial of the defendant's motion, a trial was had before the court without a jury on the plea of non-assumpsit, said trial resulting in a finding and judgment in favor of the plaintiff for $2052. This judgment was taken to the Appellate Court by writ of error and there affirmed. As we find no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*