Semrau v. Calumet & South Chicago Ry. Co., 185 Ill. App. 203.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 839*—*filing bill of exceptions nunc pro tunc.* Where the bill of exceptions was presented to and signed by the trial judge in time but was not filed until several months after, an order that the bill be filed *nunc pro tunc* as of the day of signing, for which no basis appears in the record, is void.

2. APPEAL AND ERROR, § 952*—*when bill of exceptions may be stricken from record.* Where the bill of exceptions was presented to and signed by the trial judge in time but through the negligence of the attorney was not filed until several months later, when the time for filing had expired, same will be stricken from the record, although ordered filed *nunc pro tunc* as of the date of signing, no basis for the order appearing in the record.

3. APPEAL AND ERROR, § 956*—*effect of striking bill of exceptions from record.* None of the assignments of error can be considered where based exclusively upon the bill of exceptions and stenographic report which was ordered stricken from the record.

## Frank Semrau, Appellee, v. Calumet & South Chicago Railway Company, Appellant.

### Gen. No. 18,912. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 17, 1914.

## Statement of the Case.

Action by Frank Semrau against Calumet & South Chicago Railway Company to recover for personal injuries sustained by plaintiff and damages to his automobile resulting from a collision between one of defendant's cars and plaintiff's automobile at a street intersection. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Semrau v. Calumet & South Chicago Ry. Co., 185 Ill. App. 203.

WARNER H. ROBINSON and CHARLES LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when recovery for injuries resulting from collision warranted by the evidence.* In an action against a street railway company to recover for injuries resulting from a collision between one of defendant's cars and plaintiff's automobile at a street intersection, a verdict for plaintiff on conflicting evidence as to the speed of the car and of the automobile at and prior to the accident, *held* warranted by the evidence.

2. DAMAGES, § 244*—*when admission of improper evidence of, not reversible error.* In an action against a street railway company to recover for personal injuries and for damages to plaintiff's automobile resulting from a collision with a street car, erroneously permitting plaintiff, over objection, to prove the difference between the market value of the automobile before and after the accident, *held* not reversible error where the proof of the personal injuries plaintiff received might alone justify the verdict and judgment, and there was no contention that the damages recovered are excessive.

3. INSTRUCTIONS, § 49*—*when modified instructions as to preponderance of evidence and credibility of witnesses not misleading.* An instruction as tendered told the jury that in determining where the preponderance or the greater weight of the evidence lies they were entitled to take into consideration several matters, and ended by saying "and from all these circumstances and others that may occur to you as shown by the evidence, determine the degree of credibility," etc. The court modified the instruction by striking out the clause "and from others that may occur to you." *Held* that the instruction was incorrect, both as tendered and as modified, for the reason that it did not tell the jury to take into consideration all the evidence, but that the giving of the instruction as modified did not mislead the jury in view of other instructions given.

4. STREET RAILROADS, § 148*—*when erasures in modified instruction not misleading.* An instruction tendered in effect told the jury

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

that proof of failure of defendant street railway company to give warning was not of itself sufficient to entitle plaintiff to recover, and then stated what plaintiff must prove in order to recover on that ground ending with the sentence "and plaintiff must prove by a preponderance of the evidence that at the time and place of the accident he was in the exercise of ordinary care for his own safety." The court gave the instruction after striking out the last sentence. *Held*, the fact that the words stricken out remained legible was not misleading as causing the jury to believe due care on part of plaintiff was unnecessary, the jury being otherwise instructed and the instruction not directing a verdict.

---

## The People of the State of Illinois, Defendant in Error, v. John Burgess, Plaintiff in Error.

## Gen. No. 19,263.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed February 17, 1914.

### Statement of the Case.

Information filed in the Municipal Court by the People of the State of Illinois charging John Burgess with the crime of larceny. The trial was by the court, which found defendant guilty and assessed a fine in the sum of one hundred dollars. To reverse the judgment, defendant prosecutes error.

W. W. O'BRIEN and THOMAS H. MERCER, for plaintiff in error; LOUIS GREENBERG, of counsel.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.