## Catherine Hutchison, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 19,811.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed April 28, 1915. Rehearing denied May 12, 1915.

### Statement of the Case.

Action by Catherine Hutchison against the Chicago City Railway Company in the Circuit Court of Cook county to recover damages for personal injuries received while boarding one of defendant's street cars. The trial resulted in a verdict against the defendant for twenty-five hundred dollars. To reverse a judgment entered on the verdict as rendered, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WATSON J. FERRY, for appellant; LEONARD A. BUSBY, WARNER H. ROBINSON and JAMES G. CONDON, of counsel.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 476*—*what considered in determining preponderance.* The number of witnesses testifying to a particular fact or state of facts is an important element to be considered in determining where the preponderance of evidence lies, but where in many important and material particulars the testimony of such witnesses is contradictory, inconsistent with established facts and inherently improbable, these elements should also be considered in determining the preponderance of the evidence.

2. INSTRUCTIONS, § 151*—*when properly refused as covered.* It is not improper to refuse an instruction when the instruction refused is sufficiently covered by other instructions given to the jury.

3. EVIDENCE, § 410*—*when opinion proper as to cause of condition.* In an action of negligence where the inquiries on the examination of the attending physician have reference to the relation between certain injuries, which the plaintiff unquestionably received as a result of her fall, and her physical condition as manifested in attacks of partial paralysis, and do not have reference to whether or not the plaintiff is permanently injured as a result of that accident, the inquiries are proper.

4. WORDS AND PHRASES,—*what is meaning of word "liable".* The word "liable" means more or less probable.

5. EVIDENCE, § 410*—*when opinion as to probabilities improper.* The opinion of a physician that the plaintiff was "liable" to have recurrent attacks of paralysis and that the degenerative state of the nerve tissue and its surrounding connective tissues might lead to developments that are "liable" to bring about a paralytic stroke is objectionable. The statement of a mere probability of the recurrence is not sufficient.

6. APPEAL AND ERROR, § 1499*—*when improper evidence harmless.* The erroneous admission of evidence as to the probability of future

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXXII 30

suffering from an injury, *held* harmless where there was no complaint that the damages were excessive.

7. EVIDENCE, § 410*—*when opinion as to time elapsing between injury and condition proper.* In an action for personal injuries, in the examination of a physician, where the subject-matter of the inquiry then under consideration was whether paralysis, if produced by an injury, would necessarily follow almost immediately, and also whether or not an injury such as the plaintiff claimed to have sustained was capable of producing paralysis, it was *held* competent for the witness to express his opinion thereon and to state his reasons for such opinion.