### Andrew J. Rost, Administrator of the Estate of Joseph Zembrzuski, Deceased, Appellee, v. F. H. Noble & Company, Appellant.

### Gen. No. 28,419.

1. JUDGMENTS—*sufficiency of proof of place of accident.* In an action for damages under the Child Labor Law, Cahill's Ill. St. ch. 48, ¶ 44, for the death of a boy under the age of sixteen years illegally employed by defendant, the cause of action is sufficiently shown to have arisen in Illinois to warrant the jury in so finding where there was testimony that the boy and his parents had lived in Chicago for more than eight years preceding the accident, that he was employed in the factory of the defendant located in that city at a specified street intersection and that he had attended school on a certain street in that city.

2. HARMLESS ERROR—*exclusion of cumulative evidence as to fact otherwise shown.* In an action for damages for the death of a boy under the age of sixteen years illegally employed by defendant, the exclusion of evidence tending to show that witnesses for plaintiff could not have seen an occurrence which they testified having seen because of the physical conditions of the place was not erroneous where the place was fully described and photographs of it were in evidence from which the jury could have determined whether the witnesses were testifying truthfully.

Rost v. F. H. Noble & Co., 232 Ill. App. 430.

3. SAVING QUESTIONS FOR REVIEW—*sufficiency of offer of evidence to preserve error in exclusion.* The exclusion of offered evidence cannot be held to be reversible error where counsel, in offering such evidence, did not state what it was expected to prove by the answer to the questions to which objections were sustained.

4. ARGUMENTS OF COUNSEL—*legitimacy of argument.* In an action for damages under the Child Labor Law, Cahill's Ill. St. ch. 48, ¶ 44, for the death of a boy under sixteen years of age illegally employed by defendant, it was not error for plaintiff's counsel to refer to the exclusion of certain evidence tending to show the age of the boy and to argue that if defendant had wished to obey the statute it should have inquired of the school authorities as to the boy's age, or to refer to evidence that defendant had employed other boys at about the same time who were under sixteen, since such argument was legitimate as calling attention to defendant's want of care when employing deceased in ascertaining his age and as touching defendant's good faith.

5. TRIAL—*legitimacy of comment by judge on objection to evidence.* In an action for damages for the death of a boy under sixteen years of age illegally employed in defendant's factory, it was not error for the trial judge, in commenting on an objection to a statement of the boy's mother as to his age, to say that it was from the mothers that persons generally knew their ages.

6. INSTRUCTIONS—*excessive length as error.* The fact that instructions in a negligence case based on violation of a statute are of excessive length because of the fact that the statute is set out in full therein is not grounds for reversal where they correctly state the law.

7. HARMLESS ERROR—*harmlessness of instructions on measure of damages where excessiveness not claimed.* Alleged errors in instructions on the measure of damages are not reversible where the amount of the verdict is not questioned as excessive.

8. NEGLIGENCE—*contributory negligence of parents as defense to damage action under Child Labor Law.* The contributory negligence of the parents of a boy under the age of sixteen years illegally employed by defendant in its factory, in violation of the Child Labor Law, Cahill's Ill. St. ch. 48, ¶ 44, is no defense to an action for damages for the death of such boy from injuries received while so employed; and instructions touching the parents' alleged contributory negligence were properly refused.

9. MASTER AND SERVANT—*degree of proof in damage action under Child Labor Law.* In an action for damages for the death of a boy under the age of sixteen years from injuries received while in the employ of defendant in violation of the Child Labor Law, Cahill's Ill. St. ch. 48, ¶ 44, the plaintiff is only required to prove nis case by a preponderance of the evidence and not beyond a reasonable doubt, since defendant is not charged with a crime in

illegally employing a minor under the prescribed age but with a wrongful act which might have subjected him to a fine.

10. MASTER AND SERVANT—*sufficiency of evidence as to age of boy employed in violation of Child Labor Law.* Testimony of the parents of the boy is sufficient to show that he was under sixteen years of age when employed by defendant in its factory in violation of the provisions of the Child Labor Law, Cahill's Ill. St. ch. 48, ¶ 44, in an action for damages for the death of such boy from injuries received while in such illegal employment, even though the credibility of the testimony is sharply attacked.

Appeal by defendant from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Affirmed. Opinion filed March 10, 1924. Rehearing denied March 24, 1924.

ROBERT F. KOLB, for appellant; FRANK INGRAFFIA, of counsel.

FERDINAND W. JAROS and CHARLES C. SPENCER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from a judgment for $3,000 upon a verdict returned in the trial of an action alleging the illegal employment by defendant of Joseph Zembrzuski, under the age of sixteen years, who received injuries in the course of his employment resulting in his death.

Defendant operates a factory for the manufacture of jewelry, occupying a five-story building, in each floor of which is machinery operated by electric power, such as punch presses, drill presses and lathes, also elevators. Plaintiff claims that Zembrzuski was between the age of fourteen and sixteen years when employed by defendant, and that no employment certificate showing school record, physical fitness, age, etc., was issued or requested and filed by the employer as required by the Act concerning child labor, ch. 48, ¶ 44, Cahill's Ill. Sts.

January 15, 1920, the superintendent of defendant employed the boy after he had signed an application card. He was instructed as to his duties by a foreman; these were soldering, working on a drill press drilling small holes, sometimes on a grinding machine, also sweeping the floors and at times assisting in pulling material from the second to the third floor by a hand elevator. When sweeping the floor it would be necessary for him to move large boxes filled with pins; sometimes he would be sent on errands by the superintendent and told to carry boxes filled with lead pins, each box weighing from twenty-five to thirty pounds. He would carry two of these boxes and was obliged to rest at intervals.

When the boy was three years of age as a result of whooping cough he had hernia, which left a slight protrusion on the right side of the groin. With this exception he was apparently well. March 5, 1920, he went to work as usual. There was evidence tending to show that in the afternoon he was seen working near the freight elevator on the second floor and was in a stooping position laying down a heavy box about two and one-half feet long by two and one-half feet wide. Shortly thereafter he was observed to look pale and sick, walking slowly and holding his hand to his right side. Upon his arrival home he looked pale and sick and went to bed; his mother put bandages on his abdomen and kept them warm during the night. The following day the doctor was called and the boy was found to be suffering from a strangulated hernia. He was taken to the hospital and operated on and continued under the care of a physician, but died March 23. Physicians testified that the death was from strangulated hernia and that a boy who had incipient hernia would have this aggravated by the strain of lifting heavy boxes weighing about twenty-five or thirty pounds, and the gut would protrude so far that return circulation would be obstructed and strangulation would follow.

Defendant's first point is that it was not shown by the evidence that the cause of action arose within the State of Illinois. Mrs. Zembrzuski, the mother, testified that since coming from the "old country" eight years ago, she had lived on Commercial avenue, in the City of Chicago, and her husband and Joseph lived there until Joseph died. Other witnesses who were employed at the factory of defendant at Fifty-ninth and Wallace streets lived in Chicago. The officer of the Chicago public schools having charge of the records of the Board of Education of the City of Chicago was examined, without objection, as to whether these records showed an employment certificate issued to the deceased; also there was evidence that he attended public school on Escanaba avenue in Chicago. The jury could properly find that the cause of action arose in the City of Chicago.

Defendant apparently wished to show that the witnesses who testified that they saw the deceased stooping and laying down a heavy box near the freight elevator could not see this from the point where they were standing, and the superintendent and a clerk of the defendant were asked if a person standing at this point could see the elevator. Objection was made to this as calling for an opinion, and the objection was sustained. It is claimed that this is reversible error. Witnesses described fully the situation and conditions surrounding this place; there are also photographs in evidence showing the conditions. The jury could properly conclude from this evidence whether the witnesses who claimed to have seen the deceased at the time were testifying truthfully.

It might also be suggested that counsel for defendant did not state what they expected to prove by the answers to the questions objected to. If they expected the answer to be that it was impossible to see the point in question from the place where the witnesses stood, counsel should have so stated. We cannot say that

the questions were improperly excluded until we know what the answers were expected to show. *Ittner Brick Co. v. Ashby,* 198 Ill. 562; *Casey v. Reedy Elevator Mfg. Co.,* 166 Ill. App. 595.

The actual age of the boy at the time of his employment was a controverted question of fact. Defendant claims that there were improper remarks made by plaintiff's attorney on this point which influenced the jury. Plaintiff called as a witness a teacher in the Sheridan school and attempted to prove what the school record showed as to the boy's age by asking the witness whether the record showed the age of the boy, to which the witness answered that it did. The witness was then asked what it showed as to his age, and objection to this was sustained. Plaintiff offered what purported to be a birth certificate of Joseph Zembrzuski, and objection to this was sustained. Subsequently, in arguing to the jury, plaintiff's counsel referred to these matters, saying, in substance, that if defendant had wished to obey the statute it should have inquired of the proper persons at the Sheridan school to find out what the school record showed as to his age. This would seem to be legitimate argument, not as tending to prove the age of the boy, but as calling attention to the carefulness or otherwise of defendant when employing the boy in ascertaining his age. It was in evidence that there were two other boys employed by defendant about that time who were under sixteen years of age. In the argument of counsel this was referred to. As it was already in evidence it was a proper subject of comment as touching the good faith of defendant.

There are other criticisms of things said by plaintiff's attorney in argument to the jury, but we cannot say that these were prejudicially improper when they are presented to us wholly disconnected from the context, and nothing appears as to what was said by defendant's counsel on these points, which apparently

plaintiff's attorney was attempting to answer. Attorneys must be allowed a reasonable latitude in commenting on the evidence, and reasonable statements thereon and deductions therefrom must be allowed. *Walsh v. Chicago Rys. Co.*, 303 Ill. 339.

It is also said that the court made improper remarks touching the evidence as to the age of Joseph. In commenting upon an objection to a statement by the mother of Joseph as to his age, the court said in substance that it was from the mothers that persons generally knew their ages. This is a truism to which everyone could subscribe, and the comment is not reversible error.

There was no important variance between the declaration and the proof. The declaration did not specifically allege that the deceased was injured while doing a particular piece of work as ordered. The gist of the declaration was that he was employed to work in a factory contrary to the statute, and that while so employed he met with the injury which caused his death.

Furthermore, it was not necessary to prove every allegation of the declaration. It is sufficient to sustain a recovery if there is sufficient wrongdoing proven to make out a case. *Supolski v. Ferguson & Lange Foundry Co.*, 272 Ill. 82.

It it next argued that the court should have instructed the jury to find the defendant not guilty. The questions involved were peculiarly those of fact and the court properly left these to the determination of the jury.

Criticism is made of the instructions given at the request of plaintiff. We agree with the criticism that some of these are entirely too long, as most instructions are which attempt to set out a statute in full. Such instructions do not tend to enlighten a jury, but so long as they correctly state the law we cannot reverse because they are given. There was no

reversible error in refusing any of the defendant's instructions that were refused. The instructions touching the damages could not have misled the jury, for the verdict of $3,000 is not excessive, and defendant does not argue that it is. It has been repeatedly held that instructions or evidence going to the measure of damages, where the amount awarded is not questioned as excessive, will not work a reversal because errors therein, if any, are harmless. *Reisch v. People,* 130 Ill. App. 164, affirmed in Supreme Court, 229 Ill. 574; *Semrau v. Calumet & S. C. Ry. Co.,* 185 Ill. App. 203; *Hutchison v. Chicago City Ry. Co.,* 192 Ill. App. 464.

It is argued at some length that it was error to refuse instructions relating to the alleged negligence of the parents of plaintiff's intestate, and it is urged that such negligence, where it is proven, is a bar to an action of this sort. This is said to be supported by the recent decision in *Hazel v. Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38. While this decision may be considered as settling the law in the ordinary negligence case, it and similar decisions are not applicable to the case before us. This is not a case based upon negligence in which the contributory negligence either of the person injured or a beneficiary is a sufficient defense. This case is based upon the violation of a statute, and, as has been said, to hold in such cases that contributory negligence was a defense would be to defeat the purpose of the statute. *American Car & Foundry Co. v. Armentraut,* 214 Ill. 509; *Strafford v. Republic Iron & Steel Co.,* 238 Ill. 371. There are some decisions in West Virginia tending to support the defense of contributory negligence of beneficiaries. *Swope v. Keystone Coal & Coke Co.,* 78 W. Va. 517; *Dickinson v. Stuart Colliery Co.,* 71 W. Va. 325; *Daniels v. Thacker Fuel Co.,* 79 W. Va. 255 [14 N. C. C. A. 833]. The trend of decisions in Illinois is to the contrary. *Schultz v. Ericsson Co.,* 264 Ill. 156;

*Thomas v. Chicago Embossing Co.*, 307 Ill. 134; *Streeter v. Western Wheeled Scraper Co.*, 254 Ill. 244 [1 N. C. C. A. 828]; *Waschow v. Kelly Coal Co.*, 245 Ill. 516. See also, *Cervinka v. Adams*, 225 Ill. App. 45.

The primary purpose of the Child Labor Statute is to protect minor children and this purpose should not be defeated by the negligence of either the employers or the parents of the child. The instructions touching the alleged contributory negligence of the parents of the deceased were properly refused.

Plaintiff was bound to prove his case by a preponderance of the evidence only, and not beyond a reasonable doubt. The commission of a crime by defendant was not charged, although there was charged a wrongful act which might have subjected defendant to a fine. In the cases cited requiring proof beyond a reasonable doubt the crime charged was either a felony or a serious crime punished by imprisonment. That is not the case here. *Grimes v. Hilliary*, 150 Ill. 141; *Crane v. Schaefer*, 140 Ill. App. 647.

The controlling questions of fact were: (1) Was the boy at the time he was employed under sixteen years of age? His father and mother testified that he was born November 1, 1904, which would make his age fifteen years and two and one-half months when employed by defendant. Although the credibility of this testimony is sharply attacked, yet we cannot say that the jury should not have believed the parents. (2) Did defendant's factory come within the purview of the statute? It was sufficiently proven that it did. (3) Did the boy have an employment certificate? It is conceded that he did not. It should be noted that the statute requires a certificate to show the physical fitness of the minor, and in all likelihood a physical examination of Zembrzuski would have disclosed the incipient hernia and prevented his employment in

work which aggravated this.   (4) Did he receive the injury from which he died in the course of this employment?   This also is controverted, but we would not be justified in disturbing the affirmative conclusion of the jury.

Other points are made and discussed at some length, but considering the entire record we find no reversible error.   The case was closely contested on the trial and it may be that respective counsel committed some errors through excessive zeal.   The trial court tried the case fairly with very little, if any, error.   There is not sufficient reason to reverse the judgment and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.