Arthur Rimmke, Appellee, v. George Gierich and Mary Gierich, Appellants.

Gen. No. 10,239.

Opinion filed June 4, 1948. Rehearing denied September 14, 1948. Released for publication September 15, 1948.

KRUSEMARK & KRUSEMARK, of Joliet, for appellants.

MURPHY & ANDERSON, and ORVILLE R. SEITER, both of Joliet, for appellee; ORVILLE R. SEITER, of Joliet, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Arthur Rimmke was a tenant in the apartment house of George and Mary Gierich, who owned the building as joint tenants. Arthur Rimmke with George Gierich, and a man named Albert Bauer, erected a scaffold in the hallway so that it could be redecorated. The scaffold was made by placing planks 2x12 and about twelve feet long on horses that were owned by the defendants. The planks were procured from a neighboring building. Each of the men carried one from a pile of used lumber, to the defendants' build-

ing, and placed them on the horses. Arthur Rimmke and Bauer were on the scaffold working on the ceiling when one of the planks broke and both fell to the floor and were injured. Arthur Rimmke started a suit in the circuit court of Will county, against the Gierichs for damage he sustained in the fall.

The complaint alleges that the scaffold was unsafe, and constructed in violation of the statute regulating the erection of scaffolds. The case was tried before a jury. At the close of the plaintiff's evidence, the defendants requested the court to instruct the jury to find them not guilty. The court overruled this request, and the jury found the issues in favor of the plaintiff, and assessed his damages at two thousand dollars. It is from this judgment that an appeal has been perfected to this court.

It is first insisted by the appellants, "that the planks used in constructing the scaffold in question, fall within the doctrine of simple appliances, and the danger from the use thereof, is assumed by plaintiff." While it is true that this mode of erecting a scaffold is a simple and common one, nevertheless, it comes within the statutory provision that it must be erected in such a manner that it is a safe place for men to do their work.

It is also insisted that, "At the conclusion of all of the evidence, the Court should have given the defendants' peremptory instruction to find the defendants not guilty. The construction of the scaffold, a plank of which broke, was a joint adventure, also assuming that the plank used in the construction of the scaffold was defective, being constructed by the plaintiff and defendants, George Gierich and Mr. Bauer, they are joint tort-feasors, and neither has a legal cause of action against the other." In the ordinary negligence suit, no doubt these rules of law would apply, but it must be borne in mind that this is a statutory action for a violation of which, gives the injured party a

cause of action. In the case of *Gill v. Boston Store,* 337 Ill. 70, which involved a violation of the Child Labor Law, it is stated: "An action for damages for personal injuries to a child who has been employed by the defendant in violation of the Child Labor Act is an action for the breach of a statutory duty and is not based on negligence, and the rules in regard to negligence, contributory negligence, negligence of a fellow-servant and assumed risk do not apply."

In the case of *Schultz v. Henry Ericsson Co.,* 264 Ill. 156, the Supreme Court was considering the so-called "Scaffold Act," and it is there stated: "The object to be attained by this statute was to prevent injuries to persons employed in this dangerous and extra-hazardous occupation, so that negligence on their part in the manner of doing their work might not prove fatal. The language of the statute is, that the scaffold, "shall be erected and constructed in a safe, suitable and proper manner, etc." Further in the opinion it says: "The language of the statute is mandatory and imperative that the scaffold shall be so constructed as to be safe and afford adequate protection to the persons working thereon, and the employer cannot escape liability for a willful violation of the statute where he constructs an insufficient, unsafe and dangerous scaffold, even though he may have believed the scaffold constructed by him safe and the conditions under which it was being used not dangerous." (To the same effect is *Rost v. F. H. Noble & Co.,* 232 Ill. App. 430.) The trial court properly refused defendants' peremptory instruction.

At the request of the plaintiff, the court instructed the jury relative to the provision of the Scaffold Act. Paragraph 3 of the instruction is as follows: "Any owner, contractor, sub-contractor, foreman or other person, having charge of the erection, construction, repairing, alteration, removal or painting of any building or other structure within the provisions of this Act, shall

comply with all the terms thereof; and any such owner, contractor, sub-contractor, foreman or other person violating any of the provisions of this Act, upon conviction thereof, shall be fined not less than $25.00 nor more than $500.00, or imprisoned for not less than three months nor more than three years, or both fined and imprisoned in the discretion of the court. . . .

"And for any injury to person or property occasioned by any willful violation of this Act or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby. . . ."

The appellants insist that the giving of this instruction is reversible error. Divisions 1 and 2, and the latter part of 3, of the instruction, were proper for the court to give. It is insisted by the appellee that the error, if any, was harmless and he cites several cases holding that it was not reversible error to give statutory instructions to the jury that were not applicable to the issues involved in the case. The appellants have cited numerous cases holding that it was error to quote statutory provisions not applicable to the issues involved in the suit. It must be borne in mind that this is a penal statute, and section 3 provides for a severe penalty for a violation of the same; namely, a fine not to exceed $500 and imprisonment for not more than three years, or both fine and imprisonment for the violation of the same.

Our attention has not been called to any case where a criminal section of the statute not applicable to the issues involved in the suit, has ever been approved by any court of review. Aside from the criticized part of Instruction No. 3, we think the case was properly submitted to the jury, but because of the erroneous part of the instruction relative to the penal part of the statutory provisions of the Scaffold Act, we think it was reversible error to have given this instruction. No doubt the jury would be prejudiced

130

against the defendants to have it brought to their attention that the defendants were guilty of a felony, if they violated the statute in question. The judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*