Lilly Thomas, Administrator of Estate of John Bryntesen, deceased, Plaintiff-Appellant, v. Carroll Construction Company, Defendant-Appellee.

### Gen. No. 10,979.

Second District.

August 14, 1957.

Released for publication August 31, 1957.

Peabody, Westbrook, Watson & Stephenson, of Chicago, for appellant.

Hall, Meyer & Van Deusen, of Waukegan, for appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

This complaint was filed by Lilly Thomas, Administrator of the Estate of John Bryntesen, against Carroll Construction Company and Hansell-Elcock Company, both Illinois corporations, to recover $20,000 damages for the death of plaintiff's intestate. The issues made by the pleadings were submitted to

a jury resulting in a verdict and judgment in favor of the defendants and the plaintiff appeals.

The record discloses that the defendant, Carroll Construction Company, was a general building contractor and during the summer of 1953 was constructing the Libertyville-Fremont High School at Libertyville, Illinois. The defendant, Hansell-Elcock Company, supplied structural steel to the contractor and this subcontractor subcontracted the actual erection thereof to Cragin Construction Company, who had in its employ John Bryntesen.

The single count complaint, which was filed on June 22, 1954, set forth these facts and then alleged that on the morning of July 3, 1953, Bryntesen was working on a scaffold in the gymnasium of the school under construction; that the scaffold was suspended from an iron truss; that the floor of the scaffold upon which Bryntesen stood was some thirty-five or forty feet above the ground; that Bryntesen was preparing to put nuts on some bolts and stepped backward on the scaffold and fell to the ground and shortly thereafter died as a result of the injuries he sustained in the fall.

The complaint then alleged that the plaintiff was duly appointed administrator of the estate of John Bryntesen on June 17, 1954, and that she brought this action as his personal representative "pursuant to and as authorized by Illinois Revised Statutes (1953), Chapter 48, Section 69, and Chapter 70." It was then alleged that Bryntesen left him surviving Anna L. Bryntesen, his widow, and two named daughters and one named son, his only next of kin; that Bryntesen was employed by Cragin Construction Company as a welder's helper, and that the scaffold upon which he was working was a floating plywood scaffold, approximately four feet wide and six feet long, and was maintained without a safety rail and without

being safely fastened so as to prevent swaying in violation of the provisions of the Structural Work Act of this state. The complaint set forth sections 60 and 69 of that act and then alleged that the proximate cause of Bryntesen's death was the wilful failure of defendants to comply with the provisions of this statute. The complaint then averred that before and at the time of the accident the decedent and his next of kin were at all times in the exercise of due care for the safety of decedent and concluded that by reason of his death, his widow had been deprived of her means of support and that his children had suffered pecuniary loss as a result of his death and prayed judgment for $20,000.

The answers of Carroll Construction Company and Hansell-Elcock Company denied the material allegations of the complaint. By its answer, the Carroll Construction Company admitted that it employed the Hansell-Elcock Company to erect the structural iron work on the Libertyville-Fremont High School and that the Cragin Construction Company was employed to do the actual labor in erecting this iron work. This answer denied that the scaffold was erected in violation of the Structural Work Act of Illinois and asserted that it was erected, constructed, and maintained in a safe, suitable and proper manner. This defendant denied that the proximate cause of John Bryntesen's death was the wilful failure of defendants to comply with the provisions of the Structural Work Act, as alleged in the complaint, and denied that the deceased and his next of kin were in the exercise of due care for Bryntesen's safety.

The issues thus made by the pleadings were submitted to a jury and the introduction of evidence was concluded on the afternoon of February 8, 1956. An adjournment was thereupon taken until the following morning. Upon the convening of court on February

208

9, 1956, counsel for plaintiff, out of the presence of the jury, stated to the court that he desired "to make an oral motion" that the designation of the plaintiff in the complaint be correctly designated to read that this action is brought by Anna Bryntesen, widow of John Bryntesen, George Bryntesen, Lilly Thomas and Florence Bryntesen, his only next of kin and surviving children. The court thereupon inquired of counsel for plaintiff: "What are you doing so far as the administrator is concerned?" and counsel for plaintiff replied: "I am pleading in the alternative. I would rather not strike that." The court then said: "You will have her in as administrator and also individually, is that right?" and counsel replied in the affirmative. After an objection was made by counsel for defendants, counsel for plaintiff then stated that this action was brought under the Wrongful Death Act and also the Scaffold Act and that he desired to strike the ad damnum clause of $20,000 and substitute therefor the sum of $40,000 and strike the allegation of due care from the complaint. The court denied the oral motion in so far as it sought to change the designation of the plaintiff as requested but stated that the motion of the plaintiff to strike the allegation of due care would be allowed. Thereupon, counsel for plaintiff stated: "I will leave it in then."

Counsel for appellant states that had his motion to amend been granted, his complaint would have correctly stated a cause of action under the provisions of the Structural Work Act. Counsel states that his original complaint was a statement of a "hybrid" cause of action, and he sought to remedy it by his proposed amendment. If the court had granted his oral motion for leave to amend and the amendment had been made as requested, there would have been five plaintiffs; viz.: (1) Lilly Thomas, Administrator of the Estate of John Bryntesen, deceased; (2) Anna Bryntesen,

widow of John Bryntesen; (3) George Bryntesen, son of John Bryntesen; (4) Lilly Thomas, daughter of John Bryntesen; and (5) Florence Bryntesen, daughter of John Bryntesen.

If it was counsel's intention to correctly state a cause of action under the Structural Work Act, Lilly Thomas, Administrator of the Estate of John Bryntesen, deceased, was not a proper party plaintiff, as the final paragraph of section nine of the Structural Work Act gives a right of action in case of death by reason of a wilful violation of the provisions of that Act to the widow of the person so killed (Ill. Rev. Stat., chap. 48, sec. 69). By this motion, the then sole plaintiff did not seek to discontinue the action as to her but sought to add the widow and children of the decedent as additional parties plaintiff. When death results to an employee, the personal representative of such deceased person may maintain an action for damages for causing death by wrongful act, neglect, or default under the Injuries Act (Ill. Rev. Stat., chap. 70, secs. 1, 2), or the widow of such employee may have a cause of action by reason of the wilful violation of the provisions of the Structural Work Act (Ill. Rev. Stat., chap. 48, sec. 69).

Counsel presented no proposed amendment when he sought the court's permission to amend and the law is that a court need not allow an amendment unless the materiality of such an amendment is apparent (Moneta v. Hoinacki, 394 Ill. 47, 59) and a motion for leave to amend a pleading is properly overruled when no proposed amendment is presented to the court. (McFarland v. Claypool, 128 Ill. 397, 403.) The trial court has discretion with respect to allowance of amendments to pleadings and it is not prejudicial error to refuse an amendment unless there has been a manifest abuse of this discretion. (Deasey v. City of Chicago, 412 Ill. 151, 156–157.)

■ In the briefs of counsel for appellant, it is asserted that appellant did not receive a fair trial; that it was a clear abuse of discretion for the court to deny appellant's motion to add proper parties, and that the trial court was confused as to the requirements of the statute pertaining to death under the Injuries Act and under the Structural Work Act. The record does not show that the trial court was confused. Counsel for the plaintiff prepared the complaint upon which the trial was had. It contained a single count and the personal representative of John Bryntesen was the sole plaintiff. This personal representative was not a proper party in an action under the Structural Work Act, but counsel insisted that she remain a party plaintiff after the court had particularly inquired of counsel about this feature of the pleadings. Had the complaint been amended as counsel desired it would not have been a good complaint based on the Structural Work Act. Counsel for appellant now concede this to be true and state that while Lilly Thomas, as administrator, was not a proper plaintiff under the Structural Work Act, she would have been "a mere nominal party whose position could be disregarded." We do not agree. To have permitted this amendment would have led to more confusion and under the authorities the trial court did not abuse its discretion or err in refusing the oral motion of appellant to amend. If appellant did not receive a fair trial, it was not the fault or error of the trial court. If ever a court was patient and considerate of counsel, it was the trial court during the hearing of this case as disclosed by the record.

■ It is finally insisted that the trial court erred in instructing the jury that the plaintiff must prove that the decedent and his next of kin were in the exercise of due care. The trial court recognized that contributory negligence and assumed risk are not de-

211

fenses to an action under the Structural Work Act (Fetterman v. Production Steel Company, 4 Ill.App.2d 403, 411; Rimmke v. Gierich, 335 Ill. App. 125) and this court is not unmindful of the pronouncement of the Supreme Court in Nudd v. Matsoukas, 7 Ill.2d 608, that innocent next of kin should not be deprived of their proportionate share as beneficiaries of a judgment, which they might obtain, merely because of the negligence or misconduct of one of the surviving next of kin.

The instant complaint averred that "before and at the time of the accident the decedent and his next of kin were, at all times, in the exercise of due care for the safety of decedent," and the record discloses that after the court had informed counsel for the plaintiff that he could amend his complaint and strike therefrom these allegations of due care as to decedent and his next of kin, counsel for plaintiff stated to the court that he desired that these allegations remain in the complaint.

With the complaint then making these allegations and the answer denying them and, the record being in the condition as indicated, a narrative instruction, consisting of six pages of the abstract, was submitted to the respective counsel. This instruction set forth the issues quite fully, summarized the allegations of the complaint and in haec verba included the applicable statutory provisions found in the Structural Work Act and concluded that the burden of proof was on the plaintiff to prove by a greater weight of the evidence "first, that plaintiff's decedent, John Bryntesen, and his next of kin were in the exercise of due care and caution for his and their own safety at and just prior to the accident in question; second, that the defendants or one or both of them were guilty of violating the provisions of the statute relied upon in one or more

212

of the respects charged; third, that such violation was knowing and wilful; and, fourth, that such violation, if any, was the proximate cause of the death of the decedent, John Bryntesen."

The record then shows that the court asked counsel for the plaintiff: "Do you have any objection to the narrative instruction?" Mr. Jacobson (counsel for plaintiff) in response to this inquiry, said: "No." The court then asked counsel to tender him any other instructions "as plaintiff thinks will be necessary in view of the fact that the narrative instruction is going to be given," and counsel for plaintiff tendered two, one of which the court gave as tendered. The court refused to give the other tendered instruction, but its substance was covered in another given instruction and no complaint is made of this action of the trial court.

This record presents an unusual situation. Plaintiff filed what her counsel now label as a one-count "hybrid" complaint. The plaintiff was the administrator of a deceased employee and sought to recover for the wrongful death of her intestate the sum of $20,000 for the benefit of the next of kin. The basis of her recovery was a violation of the provisions of the statute found in the Structural Work Act and that Act and the Injuries Act are both referred to in the pleadings of the plaintiff. The issues made by the pleadings were submitted to the jury upon the theory of counsel for the plaintiff and the instructions were responsive to the issues made by the pleadings and were approved by counsel before being read to the jury.

It is useless to speculate what the verdict of the jury might have been had the proper party plaintiff sought a recovery under the Structural Work Act and the jury instructed upon the issues made under such

a complaint and answer. We must look to the record alone and upon this record the judgment appealed from must be affirmed.

Judgment affirmed.

CROW, J., concurs.